UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVE MOORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 11-22 |
| | § | |
| CITGO Refining and Chemicals Company, LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON DISCOVERY ISSUES AND**
**AMENDED SCHEDULING ORDER**

In this civil action, plaintiffs, who are current and former employees of defendant CITGO Refining and Chemicals Company, LP, ("Defendant" or "CITGO"), allege that CITGO improperly classified plaintiffs as "non-exempt" employees so as to avoid having to pay them time and a half for overtime, in violation of the provisions of the Fair Labor and Standard Act ("FLSA"), 29 U.S.C. § 207 et seq. (D.E. 15.)

A dispute arose concerning Plaintiffs' discovery responses, and on August 22, 2011, a telephone conference was held to address pending discovery issues. This Order sets forth the rulings made at the hearing.

**I.      Interrogatories.**

**A.      Dismissal of Plaintiffs Guzman and Scott.**

CITGO complained that plaintiff's Roland Guzman, Robert Scott, and Gregory Smith were served with interrogatories in April 2011, but had failed to file any response or seek an extension of time to respond. Counsel for plaintiffs confirmed that neither Roland Guzman nor Robert Scott had answered the discovery propounded to them.

1

Plaintiffs' counsel admitted that he had received Gregory Smith's interrogatory responses approximately two weeks prior but, due to a personal tragedy, he had not yet reviewed the responses, nor had he forwarded them to CITGO.

> Rule 41(b) of the Federal Rules of Civil Procedure provides:
>
> **Involuntary Dismissal; Effect** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v Lynaugh, 835F.2d 1126, 1127 (5th Cir. 1988). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., 765 F.2d 399, 401 (5th Cir. 1985).

Plaintiffs Roland Guzman and Robert Scott have had ample opportunity to answer the discovery propounded by CITGO. The Court finds that these plaintiffs have abandoned their claims against CITGO, and accordingly, plaintiffs Roland Guzman and Robert Scott are dismissed as plaintiffs from this action, and their claims against CITGO are dismissed with prejudice.

Plaintiff Gregory Smith shall remain a plaintiff in this lawsuit. As stated at the telephone conference, it is ORDERED that Plaintiff Gregory Smith's interrogatory

responses are to be served on CITGO by tomorrow, Tuesday, August 23, 2011, no later than 5:00 p.m.

### B.   Interrogatory No. 6.

Interrogatory No. 6 states: "Identify, describe, and specify each console that you have operated since January 1, 2008 and, for each console, state and describe all of your duties and responsibilities with respect to the operation of that console."  CITGO complained that certain plaintiffs responded only that CITGO had the necessary job descriptions available.

The Court finds that CITGO is entitled to a description of the job duties as perceived by each plaintiff.  Thus, Plaintiffs Donald Hendrick, Steve Moore, Rudolfo R. Martinez, Eduardo Martinez, Diana Reddell, and David D. Ruiz are ORDERED to fully respond to Interrogatory No. 6 by Monday, September 5, 2011.[1]

It is further ORDERED that Plaintiffs Donald Hendrick, Steve Moore, Rudolfo R. Martinez, Eduardo Martinez, Diana Reddell, and David D. Ruiz are to respond to Interrogatory No. 6 by referencing the bates stamp numbers of documents previously produced to Defendant that relate to the description of their job duties.

### C.   Interrogatory No. 7.

Interrogatory No. 7 states:  "For each console identified in Interrogatory No. 6, identity and describe all Standard Operating Procedures; manuals, protocols; guidelines; federal, state, local, or plant safety or environmental regulations; and other procedures that you used or use in the operation of that console." Plaintiff's responded that the

---

[1] The fact that Monday September 5, 2011 is Labor Day does not affect the deadlines set forth herein.

materials at issue were too voluminous to identify.  CITGO argues that what the plaintiffs rely on in describing their job duties "goes to the heart" of plaintiffs' claims.  The Court finds that plaintiffs are required to clarify their responses and provide additional detail.

Accordingly, it is ORDERED that every individual Plaintiff shall respond to Interrogatory No. 7 by Monday, September 12, 2011, no later than 5:00 p.m..

It is further ORDERED that Plaintiffs are entitled to look through Defendant's disclosures and identify the disclosures that are responsive to Interrogatory No. 7.

It is further ORDERED that Defendant is entitled to treat Plaintiffs' responses as non-exclusive.

### D.    Interrogatory No. 8.

Interrogatory No. 8 states:  "State and describe all operational upsets, shut downs, start ups, turnarounds, and/or any similar event that you have worked on in any matter since January 1, 2008."  Plaintiffs ask that CITGO first be required to provide to them a list of these events.

Therefore, it is ORDERED that CITGO provide Plaintiffs, within (7) days of this Order but no later than Tuesday, August 30, 2011, a list of all operational upsets, shut downs, start ups, turnarounds and/or any similar event that Plaintiffs have worked on in any manner since January 1, 2008.

It is further ORDERED that Plaintiffs respond to Interrogatory No. 8 within twenty-one (21) days of receiving CITGO's above listed disclosures.

It is further ORDERED that Plaintiffs are to respond to Interrogatory No. 8 by stating, "I have reviewed CITGO's Documents on these events and this is my recollection of what I did."

**E.      Interrogatory No. 10.**

Interrogatory No. 10 states: "For each week beginning January 1, 2008, state and describe the number of hours for which you allege you are owed overtime compensation, including the amount you claim to be owed and the manner of calculation."

It is ORDERED that Plaintiffs respond to Interrogatory No. 10 by Monday, September 12, 2011.

It is further ORDERED that Plaintiffs are to respond to Interrogatory No. 10 by first stating, "After reviewing CITGO's records, it is my best estimate…"

The Court further ORDERS that, if Defendant re-deposes any Plaintiffs, those depositions shall be done in such a way as to keep costs to a minimal. The Court will consider at trial the party responsible for the cost of the re-depositions.

**F.      Interrogatory No. 11.**

Interrogatory No. 11 states: "For each week beginning January 1, 2008, identify and describe all time off, such as vacations, holidays, sick leave, "comp time," paid time off, and any other type of leave, that you have taken, the reason for the time off and/or leave, and its duration, including listing and specifying every document relating to or reflecting such time off or leave, or from which such time off or leave may be identified and/or calculated."

It is ORDERED that Plaintiffs respond to Interrogatory No. 11 by Monday, September 12, 2011.

It is further ORDERED that Plaintiffs are to respond to Interrogatory No. 11 by first stating, "After reviewing CITGO's records, it is my best estimate…"

**G.      Interrogatory No. 16.**

Interrogatory No. 16 states: "Identify, describe, and specify all email addresses you used or accessed during your scheduled CITGO work hours or during work hours you worked for CITGO since January 1, 2008."

It is ORDERED that Plaintiffs are to use their best efforts to provide CITGO with the following: (1) a summary of their personal efforts to retrieve the information requested; (2) an estimate of time spent during each scheduled workday using or accessing non-CITGO e-mail accounts; and (3) a summary of their efforts to retrieve e-mail information from their e-mail providers by Monday, September 12, 2011. This includes information relating to any stock trades that Plaintiffs may have engaged in during the workday.

It is further ORDERED that Plaintiffs are to save and print out the requested information and provide it to CITGO.

If the requested information is not readily available, the Plaintiffs are ORDERED to (1) state that the information is unavailable; (2) the amount of time it will take to retrieve the information; and (3) the cost of retrieving the information.

It is further ORDERED that Plaintiffs provide defendants with (1) an estimate of the percentage of e-mails that have been deleted; and (2) the approximate date such e-mails were deleted by Monday, September 12, 2011.

**H.      Interrogatory No. 18.**

Interrogatory No. 18 states: "Identify any person, including family members and other Plaintiffs, with whom you have communicated regarding this Lawsuit, the

allegations that are the subject of this Lawsuit, or the allegations in the Complaint, and describe each such communication."

It is ORDERED that each individual Plaintiff refine his or her disclosure list pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) by Monday, September 12, 2011, no later than 5:00 p.m..

It is further ORDERED that for each person with relevant information, Plaintiffs are to specify the following (1) what information that person is in possession of; (2) when that person came into possession of the information; and (3) from where that person received the information.

## II.     Request for Production of Documents.

### A.     Request for Production No. 17.

Request for Production No. 17 states: "Your cell phone records for any calls made or received by you during your scheduled CITGO work hours or during hours you worked for CITGO since January 1, 2008, including, but not limited to, call logs and records identifying the number of text message sent and/or received during that period."

It is ORDERED that Plaintiffs respond to Request for Production No. 17 by Monday, September 5, 2011.

It is further ORDERED that Plaintiffs provide CITGO with authorization to obtain Plaintiffs' cell-phone records by Monday, September 5, 2011.

### B.     Request for Production No. 38.

Request for Production No. 38: "All documents relating to personal interests, activities and/or hobbies that you participated and/or engaged in during your scheduled CITGO work hours and/or the hours that you worked for CITGO since January 1, 2008."

7

It is ORDERED that Plaintiffs provide Defendant with any documents related to non-CITGO matters that Plaintiffs utilized during scheduled work hours by September 12, 2011, no later than 5:00 p.m.

It is further ORDERED that these documents are to be exclusive of any records of text messages, e-mails, and cell phone calls.

### C.     Request for Production No. 40 and No. 41.

Request for Production No. 40 states: "All text messages you have sent during your scheduled CITGO work hours or during hours you worked for CITGO since January 1, 2008."

Request for Production No. 41: "All emails from a non-CITGO email address that you have sent during your scheduled CITGO work hours or during hours you worked for CITGO since January 1, 2008."

It is ORDERED that Plaintiffs respond to Request for Production No. 40 and No 41 by Monday, September 5, 2011, no later than 5:00 p.m.

It is further ORDERED that Plaintiffs provide Defendant with authorization to obtain Plaintiffs' text-message records by Monday, September 5, 2011.

It is further ORDERED that once Defendant obtains Plaintiffs' text-message records, Plaintiffs are provided an opportunity to review the records and designate sensitive records that are not to be used in any public proceeding.

### D.     Request for Production No. 9.

Request for Production No. 9: "All documents prepared by you that you used or used, or that assist or have assisted you, in the operation of your console since January 1,

2008, including, but not limited to, trend charts, yield reports, logs, journals, and any other materials you review, prepare, or exchange before you being or end shift."

It is ORDERED that Plaintiffs provide Defendant with all notes and/or documents created by Plaintiffs during scheduled work hours relating to work for CITGO by September 12, 2011.

### E.   Request for Production No. 39.

Request for Production No. 39: "All documents relating to non-CITGO corporations, franchises, partnerships, companies, businesses, sole proprietorships, and/or other entities that you have managed; supervised; operated; owned; been an officer, director, and/or employee of; and/or have had more than a 5% interest in since January 1, 2008."

The Court finds that this request has been responded to by Plaintiffs by their disclosure of personal income tax returns and any corporate tax returns.

## III.   Amended Scheduling Order.

**A.   TRIAL IS SET FOR March 5, 2012 at 8:00 a.m.**, before Judge Janis Graham Jack at the United States District Court, 1133 N. Shoreline Blvd., Corpus Christi, Texas.  If the parties prepare this case for trial sooner than this date, a final pretrial order may be prepared and filed with a joint motion stating that the case is ready for trial and that an earlier trial date is requested.

**B.   FINAL PRETRIAL CONFERENCE IS SET FOR March 2, 2012 at 8:30 a.m.**, before Judge Janis Graham Jack at the United States District Court, 1133 N. Shoreline Blvd., Corpus Christi, Texas.  The attorney-in-charge for each party is required to be present.

**C.     THE ORIGINAL AND ONE COPY OF YOUR JOINT PRETRIAL ORDER SHALL BE FILED NO LATER THAN <u>Friday, February 24, 2012   BY 3:00 p.m.</u>** This satisfies the requirement of FRCP 26 (a)(3). Plaintiff will be responsible for the filing of a joint pretrial order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas (2009).  Plaintiff shall allow all parties at least   **fifteen (15) working days** for review and contribution.  A motion for leave to file a joint pretrial order without the signature of all counsel must be made, showing good cause, to obtain authority to file a pretrial order without all required signatures.  Differen-ces of the parties with respect to any matter relevant to a pretrial order will be set forth in the joint pretrial order at the appropriate place.  Willful or indifferent failure to submit a well-prepared joint pretrial order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

**D.     EXCEPT FOR GOOD CAUSE SHOWN, THE DEADLINE FOR FILING DISPOSITIVE MOTIONS IS <u>January 18, 2012</u>**.  Failure to respond timely will be considered by the Court as if the motion is unopposed, and the motion may be granted.  Legal memoranda greater in length than 25 pages will **NOT** be filed without leave of Court.  No reply to the opposition to a motion will be filed by movant without leave of Court on good cause.

**E.**     The provisions of the **JOINT DISCOVERY/CASE MANAGEMENT PLAN** are hereby adopted.

**F.**     Discovery shall end on **<u>February 1, 2012.</u>  DESIGNATION OF EXPERTS**, by all parties, are due **40 DAYS** prior to the Discovery deadline.

**RESPONSIVE EXPERTS** are due **20 DAYS** prior to the Discovery deadline. Responsive experts will not be limited to rebuttal testimony. **Written Reports** that fully comply with Federal Rules of Civil Procedure 26 (a)(2)(B) shall be due at the time of designation of each expert. Parties are ordered to file only proposed witnesses with Court, pursuant to Federal Rules of Civil Procedure 26, but **NOT** reports or other discovery materials. Hearings on expert testimony and/or qualifications (i.e. Daubert and Markman) shall be requested no later than the deadline for discovery.

**G.** All pleading, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court, **IN PLEADING FORM**, not correspondence form, through the United States District Clerk: United States District Clerk, 1133 North Shoreline Blvd, Corpus Christi, TX 78401.

The parties are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties

SIGNED and ORDERED this 22nd day of August, 2011.

_____
Janis Graham Jack
United States District Judge