UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVE MOORE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-22 |
| | § | |
| CITGO REFINING AND CHEMICALS COMPANY, LP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On November 1, 2011, the Court held a telephone conference to consider a discovery dispute in the above styled action. At the telephone conference, Defendant CITGO specifically contended that Plaintiffs have failed to comply with several aspects of a prior Order of the Court, entered August 22, 2011. (D.E. 17.) The Court will address each disputed matter in turn.

   A.   **Duty to Preserve Documents and Emails**

As a preliminary matter, the parties are reminded that all documents that may be responsive to requests for production, or that might lead to the production of relevant evidence, shall be preserved pending trial in this Court. See Rimkus Consulting Group, Inc. v. Cammarata, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010) (holding that "a duty to preserve arises when a party has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation") (citations omitted). Moreover, this duty extends to both tangible and electronic evidence. See id. at 641 (noting that when the duty to preserve arises, it extends to "documents and information-including electronically stored information-relevant to these disputes"). The Court's prior Order gave Plaintiffs notice that, inter alia, their (1) personal emails; and (2) documents and any other materials that Plaintiffs "review, prepare, or exchange .

. . ." before beginning or ending their shifts, constituted evidence relevant to this litigation. (D.E. 17 at 6, 8-9.)

### B. Interrogatory No. 16 and Request for Production No. 41

This Court formerly entered an Order requiring that Plaintiffs provide Defendant with information regarding their respective searches for responsive personal emails no later than September 12, 2011. (D.E. 17 at 6.) The Court also ordered Plaintiffs to produce the responsive personal emails themselves no later than September 5, 2011. (Id. at 8.) Defendant contends that Plaintiffs have not complied with this request.

After considering the arguments of the parties, the Court ORDERS that Plaintiffs produce either: (1) the emails that are responsive to Interrogatory No. 16 and/or Request for Production No. 41; or (2) a list of all of their respective personal email addresses, along with the relevant account names and passwords, no later than 12:00PM, November 8, 2011. If any Plaintiff deletes any of his personal emails after the date of the entry of this Order, the Court will impose on that Plaintiff a monetary sanction of one hundred dollars ($100) for each deleted email. See Positive Software Solutions, Inc. v. New Century Mortgage. Corp., 619 F.3d 458, 460 (5th Cir. 2010) ("A district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'") (internal citations omitted).

### C. Interrogatory No. 18

The Court's prior Order also required Plaintiffs to provide Defendant with detailed information regarding the knowledge possessed by each person identified in each Plaintiff's response to Interrogatory No. 18, and Federal Rule of Civil Procedure 26(a)(1) disclosures. (D.E. 17 at 6-7.) Defendant contends that Plaintiffs have not complied with this portion of the Court's Order. The Court therefore ORDERS that anyone listed as a person with relevant

knowledge by Plaintiffs, other than said Plaintiffs and their CITGO supervisors, will not be allowed to testify at trial. The Court further ORDERS that Defendant provide Plaintiffs with a list of those Plaintiffs whose deposition testimony indicates that they have violated the Court's Order in failing to properly supplement their responses, no later than 12:00PM on November 6, 2011. (Id.) This list may be amended should further depositions indicate noncompliance on the part of other Plaintiffs.

### D.     Interrogatory No. 10

Plaintiffs were also previously ordered to provide the number of hours for which they are alleging overtime compensation and the amount that they claim to be owed from January 1, 2008 to the present. (Id. at 5.) Defendant argues that, despite multiple requests from Defendant, Plaintiffs have not complied with the Court's Order in this respect. (Id.) The Court ORDERS that Plaintiffs submit all information responsive to Interrogatory No. 10, no later than 12:00PM on November 29, 2011.

### E.     Request for Production No. 9

In its prior Order, the Court mandated that Plaintiffs provide Defendants with all notes and/or documents created by Plaintiffs during scheduled work hours, relating to work for CITGO by September 12, 2011. (Id. at 8, 9.) Defendant argues that Plaintiffs have not done so. After considering the parties' arguments, the Court ORDERS that Defendant provide Plaintiffs with a list of Plaintiffs whose deposition testimony indicates that they have violated the Court's Order in disposing of or failing to preserve their documents and/or notes, no later than 12:00PM on November 6, 2011. This list may be amended should further depositions indicate noncompliance on the part of other Plaintiffs.

### F.     Evidentiary Hearing

The Court will hold an evidentiary hearing at 9:00AM on November 18, 2011.  Plaintiffs whose names have been included on the lists provided to Plaintiffs by Defendant are ORDERED to appear.  Plaintiffs who are found to have violated this Court's Order to preserve their notes and/or documents, will have their claims dismissed.  Additionally, listed Plaintiffs who are found to have violated the Court's prior Order in failing to adequately supplement their responses, may be held liable for the costs associated with re-opening their depositions.

SIGNED and ORDERED this 3rd day of November, 2011.

_____
Janis Graham Jack
Senior United States District Judge