IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVE MOORE, ET AL., | § | |
|     Plaintiffs, | § | |
| v. | § | CASE NO. 2:11-CV-022 |
| | § | |
| CITGO REFINING AND CHEMICALS | § | |
|     COMPANY, LP, | § | |
|     Defendant. | § | |

## ORDER ON DEFENDANT'S
## MOTION FOR REASONABLE FEES AND COSTS

Pending is the motion of Defendant CITGO Refining and Chemicals Company, L.P. ("CITGO") pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, seeking reimbursement of attorney's fees and costs it incurred during this litigation. (D.E. 78, 79). Plaintiffs have filed a response in opposition. (D.E. 83). For the reasons stated herein, CITGO's motion is granted in part, and denied in part. CITGO is not entitled to an award of attorney's fees, but it is awarded certain costs pursuant to Rule 54(d)(1), Fed. R. Civ. P.

**I.    Procedural background.**

On February 11, 2011, Plaintiffs, who are current and former employees of CITGO, filed this civil action alleging that CITGO improperly classified them as "non-exempt" employees so as to avoid having to pay them overtime wages in violation of the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq. (D.E. 1).

As the case progressed, numerous discovery issues arose necessitating Court involvement. Indeed, telephone conferences were held to address discovery disputes on: August 22, 2011; November 1, 16, 17, and 18, 2011; and February 6, 2012. In addition, evidentiary hearings were held on November 30, 2011, and February 23, 2012, on CITGO's allegations that certain Plaintiffs

had willfully disobeyed the Court's discovery orders and had engaged in the destruction of evidence. Following the November 30, 2011 hearing, the claims of seventeen plaintiffs were dismissed with prejudice for discovery abuses.  (See D.E. 31, detailing discovery violations).  Following the February 23, 2012 hearing, the claims of four additional plaintiffs were dismissed for discovery violations.  (D.E. 59).

On September 18, 2012, the Court denied CITGO's motion for summary judgment, (D.E. 61), and scheduled trial for November 15, 2012.  (D.E. 62).  CITGO then moved to exclude the remaining plaintiffs from testifying as to damages because: (1) Plaintiffs' expert witness on damages had not been designated timely; and (2)  no Plaintiff had offered testimony on damages in their depositions, but had deferred to the expert.  (D.E. 66).  A telephone conference was held on October 3, 2012, and the Court agreed that Plaintiffs could not testify as to damages.  Thereafter, CITGO moved for summary judgment in its favor on the issue of damages (D.E. 72), it was granted (D.E. 73), and final judgment was entered in CITGO's favor that Plaintiffs take nothing on their claims. (D.E. 74).

On October 29, 2012, CITGO filed a Bill of Costs (D.E. 78), and the next day, filed the instant motion for attorney fees and costs.  (D.E. 79).

On November 5, 2012, Plaintiffs filed their objections to CITGO's motion for fees and costs. (D.E. 83).

**II.     Discussion.**

**A.     No statutory authority for fees.**

Initially, the Court notes that, as the *defendant* in this action,  CITGO's request for attorney fees is not authorized under the FLSA.  The FLSA provides that "[t]he court in such action shall,

2

in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The statute is clear. Prevailing FLSA *plaintiffs* are entitled to an award of attorney's fees and costs if they recover from an employer who has been found to have violated the FLSA.  Id.  Indeed, fee awards are mandatory for prevailing plaintiffs in FLSA cases.  Bernard v. IBP, Inc. of Nebraska, 154 F.3d 259, 263 (5th Cir. 1998).  The purpose of the FLSA fee provision is to encourage employees to enforce their FLSA rights in court, and in doing so, they effectively promote the public policies underlying the FLSA. Barrentine v. Arkansas-Best  Frieght System, Inc., 450 U.S. 728, 740 n. 16 (1981).

For a *defendant* in a FLSA action to receive an award of attorney's fees, the defendant must demonstrate that the complaint was made in bad faith.  See Flanagan v. Havertys Furniture Cos, Inc., 484 F. Supp. 2d 580 (W.D. Tex. 2006) (comparing "prevailing party" provision of Americans with Disabilities Act that requires losing party to pay the other party's attorney's fees with FLSA's "American Rule" provision, requiring defendant to show claim was groundless to receive attorney fees).  Attorney's fees based on bad faith are awarded through the court's equitable powers. Knighton v. Watkins, 616 F.2d 795, 797 (5th Cir. 1980).  As a matter of procedure, fees and costs based on bad faith are not part of the costs awarded after litigation, but instead, should be sought as a part of the litigation itself.  Id.

**B.     CITGO's request for fees and costs is timely.**

In this case, final judgment in favor of CITGO was entered on October 16, 2012.  (D.E. 74). Thus, CITGO's request for an equitable award of attorney's fees and costs is subject to the 28-day limitation period for motions to alter or amend the judgment.  Rule 59(e), Fed. R. Civ. P.   CITGO filed its Bill of Costs and motion for fees and costs on October 29 and 30, 2012,  (D.E. 78, 79), well

within the limitation deadline.

## C.   American rule of fee awards.

In the absence of a statutory authority, this Court must follow the prevailing "American rule" that the burden of a party's attorney's fees is not shifted "to his opponent as recoverable damages or as taxable costs." <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 258-59 (1975).  The exception to this general rule that each party bears its own attorney's fees and costs is when it can be demonstrated that the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Id.</u> at 258-59.   That is, the Court could award CITGO its attorney's fees and costs if it finds that Plaintiffs essentially forced CITGO to bear unnecessary expenses in defending a wholly unmeritorious claim.

## D.   Analysis.

### (1)   Attorney's fees.

In this case, the merits of Plaintiffs' FLSA claims were never addressed by the Court due to the discovery disputes and abuses.  Thus, there is no finding that Plaintiffs' underlying claims were not without merit or that the lawsuit was filed in bad faith.  As a result of the discovery debacle and the failure to timely designate their expert on damages, the Court imposed the highest sanction: dismissal of Plaintiffs' claims with prejudice.  To penalize Plaintiffs further by ordering them to pay CITGO's attorney's fees and costs is not warranted.

Moreover,  at the February 23, 2012 evidentiary hearing, CITGO moved for monetary sanctions against certain Plaintiffs, as well as for dismissal of their claims, arguing that Plaintiffs had intentionally deleted their personal emails and otherwise caused undue delay and cost in the discovery process.  (DR 3:24:35).  The Court proposed that Plaintiffs elect either: (1) dismissal of

their claims against CITGO with prejudice; or (2) that monetary sanctions be determined and accessed, and the case held in abeyance until Plaintiffs paid the sanctions in full.   (DR 3:28:16).   Plaintiffs elected to dismiss their claims against CITGO with prejudice.   (DR 3:29:30).   Those Plaintiffs voluntarily elected dismissal of their claims, and as such, avoided imposition of a monetary sanction.

The Court concludes that, as to all Plaintiffs, the dismissal of their claims adequately addressed the proven discovery violations.   An award of attorney's fees would constitute an additional sanction that is not warranted, and in fact, might "chill" future plaintiffs from challenging in good faith alleged FLSA practices by an employer.   See Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 2d 121, 122 (D. Ma. 2002) (in National Labor Relations Act case, where the underlying issues are disputed, it is important that plaintiffs not be "unduly intimidated" by the threat of imposition of costs in a case raising important issues).

**(2)    Costs.**

Rule 54(d)(1), of the Federal Rules of Civil Procedure provides in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Here, Plaintiffs' claims were dismissed with prejudice such that CITGO is the prevailing party.   Schwarz v. Folloder, 767 F.2d 125,130-31(5th Cir. 1985) (dismissal with prejudice is tantamount to a judgment on the merits).

The Fifth Circuit has noted that the language of  Rule 54(d)(1) contains a "strong presumption" that the prevailing party be awarded costs.   Schwarz, 767 F.2d at 131;  cf. Delta Air Lines, Inc. v. August, 450 U.S. 346, 355 n. 14 (1981) (assuming that costs are denied to the prevailing party "only when there would be an element of injustice in a cost award").   The Fifth

Circuit has expressly held that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party.  Pacheco v. Mineta, 448 F.3d 783, 795 (5th Cir. 2006) (reversing district court's denial of costs based on fact that plaintiff brought action in good faith).

The Fifth Circuit has little case law addressing the award or denial of costs, but in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party."  10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668 (2012).  Among these factors are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.  Id.

In this case, it is undisputed that CITGO is the prevailing party.  Despite the discovery dispute, there is no evidence that the action itself was not brought in good faith.  The issues were not reached, but they were neither novel or complex.  Thus, the only factors left to consider are the resources of the party.  CITGO has enormous wealth.  See Griffin v. CITGO Petroleum Corp., 2009 WL 194189 * 2 (W.D. La. 2009) (noting that in 2007, CITGO had assets totaling $9.39 billion with an operating income of $2.545 billion and net income of $1.339 billion).  The Plaintiffs have limited resources.  An award of costs in the amount requested by CITGO would amount to an additional sanction, and is not appropriate.

In its Bill of Costs, CITGO has requested reimbursement for copies in the amount of $2,262.41.  (See D.E. 78 at 1).  There is no explanation as to what documents were copied.  This cost is denied.

CITGO has requested reimbursement of the costs associated with taking the depositions of the twenty-seven defendants, excluding attorney fees, totaling $53,065.72.  This amount is reduced

to$5,000.00.

**III.  Conclusion.**

For these reasons. CITGO's motion for an award of attorney's fees and costs (D.E. 79), is denied as to CITGO's request for attorney's fees, but is granted in part to award costs in the amount of $5,000.00.

Signed this 26th day of November, 2012.

Janis Graham Jack
United States District Judge